IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FINEMAN,<br><br>    Plaintiff,<br><br>   v.<br><br>SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, et al.,<br><br>    Defendants.<br>                                                / | No. C 11-05680 SI<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR LACK OF JURISDICTION; DENYING ADMINISTRATIVE MOTION TO FILE FURTHER BRIEFING** |

      This case was filed on November 28, 2011, alleging causes of action for unfair business practices under California's Unfair Competition Law ("UCL," Business and Professions Code § 17200) and tortious breach of the implied covenant of good faith and fair dealing. Jurisdiction was predicated on the Class Action Fairness Act, 28 U.S.C. § 1332(d). In an order dated February 9, 2012, the Court GRANTED defendants' motion to dismiss and dismissed the complaint for failure to state a claim under either the UCL or California common law. In opposing the motion to dismiss, plaintiff requested leave to amend to state a new claim for declaratory relief. Defendants did not address or respond to that request in their reply. The Court noted that if a declaratory judgment claim were asserted, the Court would not have jurisdiction under CAFA, in light of the $5,000,000 minimum amount in controversy requirement. 2/9/12 Order at 6. However, out of a concern regarding plaintiff's ability to pursue the declaratory relief claim in state court in light of California's res judicata/primary right theory, the Court granted plaintiff leave to amend to state a claim for declaratory relief, but informed the parties that after the amended complaint was filed, the Court would dismiss the complaint for lack of jurisdiction.

      Now, after having failed to address plaintiff's request to amend to file a declaratory relief claim

1  on the prior motion and after plaintiff filed the amended complaint asserting that claim, defendants seek
2  leave to file a brief arguing that this Court has continuing jurisdiction under CAFA. *See* Docket Nos.
3  34-35.  Defendants seek to raise this issue, notwithstanding the fact that the only claim in this case is
4  one for declaratory relief, and that the amended complaint alleges no facts regarding the value of the
5  object of the litigation, *e.g*., the value of a declaration that defendants cannot unilaterally impose
6  arbitration and class action wavier provisions in users' in PlayStationNetwork agreements. *See, e.g.,*
7  *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 (9th Cir. 2011) ("In actions seeking
8  declaratory or injunctive relief, it is well established that the amount in controversy is measured by the
9  value of the object of the litigation." (internal quotation omitted)).

10  The Court has reviewed the cases defendants intend to rely on in order to argue that this Court
11  has continuing CAFA jurisdiction, and finds those cases inapposite. *See* Docket No. 34. They address
12  whether *removed* cases should be remanded back to state court following denial of class certification
13  because CAFA's $5,000,000 amount in controversy minimum could no longer be reached. *See United*
14  *Steel v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010) (no loss of CAFA jurisdiction when class
15  certification denied post-removal); *Helm v. Alderwoods Group*, 2011 U.S. Dist. LEXIS 77370 (N.D.
16  Cal. July 18, 2011) (same); *see also Davis v. Homecomings Fin.*, 2007 U.S. Dist. LEXIS 39975 (W.D.
17  Wash. June 1, 2007) (no remand post-denial of class certification); *Levitt v. Fax.com*, 2007 U.S. Dist.
18  LEXIS 83143, *23 (D. Md. May 25, 2007) (no loss of CAFA jurisdiction in removed case post-
19  decertification of the class).

20  Here, the Court is facing a fundamentally different question: whether at the pleading stage the
21  Court has jurisdiction over a case originally filed in this Court.  Defendants' cases, addressing the
22  potential loss of jurisdiction "post-removal," deal with concerns not at play in this case and rest on the
23  established principle that removal jurisdiction is determined by the facts and claims alleged in the
24  complaint at the time of removal.  The question here is whether the facts and claims alleged in the
25  operative complaint support jurisdiction.  This case is at its inception.  The pleadings have not been
26  settled and defendants have not answered.  It is incumbent on the Court to "jealously guard" its
27  jurisdiction.  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003); *see also*
28  *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) ("The dominant note in the successive

2

enactments of Congress relating to diversity jurisdiction, is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts,' in order to keep them free for their distinctive federal business.").

Given that the only operative claim in the amended complaint is one for declaratory relief and no facts have been alleged supporting any value of the right sought to be determined, CAFA jurisdiction is not adequately alleged on the face of the complaint. Therefore, the Court DISMISSES the amended complaint for lack of jurisdiction. Defendants' requests for leave to brief the issue of jurisdiction [Docket Nos. 34-35] are DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 27, 2012

SUSAN ILLSTON
United States District Judge